UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| V. | ] | CR. NO. 18-10013-RGS |
| | ] | |
| GARY P. DeCICCO | ] | |

GARY P. DeCICCO'S RESPONSE TO COURT ORDER OF OCTOBER 16, 2018

On October 16, 2018, the parties appeared before the Court in this matter. The Court directed the parties to confer and to identify any areas of agreement and disagreement relative to the defendant's request for modification of his conditions of release. The parties were further ordered to file, jointly or separately, a response.

The parties have conferred and can report that there are a some limited areas of agreement but overall there is substantial disagreement remaining. Herein is Mr. DeCicco's proposal for modification of his conditions of release.[1]

*Additional Conditions of Release*:

7. The defendant must:
    (a) *submit to supervision by and report for supervision ... as directed by probation.*

    **No modification of this condition is sought**.

    (b) *continue or actively seek employment ... as approved by PTS - no real estate sales.*

    **The defendant requests removal of this condition**, and in it's place to impose the obligation to provide the government with a copy of any executed Offer to

---

[1]. Numbered references are to the conditions set forth in the Order signed by the Court on June 15, 2018.

-1-

Purchase within seven days of its signing and a copy of any Purchase and Sale Agreement at least thirty days in advance of closing **as to any property that the govt currently alleges is a directly forfeitable asset (rather than an alleged substitute asset).** If the government objects to the sale of the property such objection shall be made to the Court and a hearing shall be scheduled to rule on the objection. In the event the Court orders or allows the sale to proceed, then the proceeds thereof shall be received in escrow and disbursed in accordance with the Court's order.  As to any sale that does not have the prior approval of the Court all proceeds of the sale shall be held by the escrow agent at closing until a final order of the Court.

. . .

(f) *reside at address stated in court, Winthrop. Travel restricted to D. MA unless otherwise approved by PTS.*

**There is no request to modify this condition**.

(g) *avoid all contact, directly or indirectly with any person who is or may be a victim or witness in the investigation or prosecution, including: list as provided by the government.*

**The defendant seeks modification of this condition as to one person on the government's list.**

*Pamela Avedesian* is a co-defendant in this case who is alleged to have complicity in an improper "short sale" of real estate in Nahant. Mr. DiCicco and Ms. Avedesian have a child, Linda DiCicco, who lives at home with Ms. Avedesian and for whose support and welfare both DiCicco and Avedesian are responsible.  DeCicco absolutely should have the right to communicate directly with Avedesian.

. . .

(p) (1) *Curfew. You are restricted to your residence every day from 10:00 pm to 6:00 am*

**Mr. DeCicco requests removal of this condition**. In many cases a restriction on a person's activity in relation to time and place is appropriate, e.g., drug distribution cases, etc or upon a showing of a risk of flight. This is not such a case. The counts in this indictment allege activities that are nonviolent. Each refers to alleged acts that essentially are financial crimes. Where crimes alleged are not of the nature that would necessitate time restrictions, and since there is no finding nor any evidence known to the defendant that would demonstrate that the defendant is a risk of flight, this condition is unnecessary.

(q) *Submit to location monitoring as directed by pretrial services ...*

**Mr. DeCicco requests removal of this condition** as unnecessary, overly restrictive, and burdensome. Although electronic monitoring has its place in tracking persons on pretrial release, home confinement, or as an alternative to a jail sentence, this is not a case where it is a necessary condition, and the purpose is both unclear and undefined. If electronic monitoring in this case is to assure that the defendant simply does not travel beyond established limits or complies with curfew, then it is not appropriate to supervision in a financial crimes case where there is no demonstrable risk of flight. If its purpose is to assure that the defendant does not flee, it is equally unnecessary as he has no record of defaults, his parents (who are living in retirement and on fixed income) have posted a $50,000.00 cash bail to assure his compliance with conditions and appearance at trial, and he would be severely jeopardized in contesting the broad forfeiture allegations if he was not place himself outside the jurisdiction of the court.

Furthermore, Mr. DeCicco has been caused the undue burden of repeatedly charging and recharging the monitor's battery packs due to the excessive drain that is likely caused by poor cellular connection in the North Shore areas where he routinely travels in the course of his daily activities. The device itself, and the frequent beeping at low power, has been the cause of undue embarrassment and humiliation which exceeds any legitimate purpose of routine pretrial supervision.

Finally, since electronic monitoring in this case is not a necessary condition it serves only as an unconstitutional search and seizure, invasion of privacy, and restraint on personal liberty.

...

(s) *No new lines of credit; No transfer of assets >$1K w/o notice to USAO with exception of ordinary personal expenses; no buying or selling of assets in names of others. Do not hide or dissipate assets.*

**Mr. DeCicco requests modification of this condition and addresses each portion of the condition separately.**

1. *Credit lines.* **Mr. DeCicco requests modification of this condition** to be allowed with prior approval by Pretrial Services or the Court.

2. *No transfer of assets in excess of $1000.00 without notice to USAO, with the exception of ordinary personal expenses*. **Mr. DeCicco requests modification of this provision** so as to eliminate any notice to the government or any transaction whatsoever except when it involves an asset to which the government claims a right as an alleged forfeitable asset. Otherwise, the mandatory provision of any information to the government violates his constitutional rights including his 4th and 5th Amendment rights.

Nonetheless, Mr. DeCicco proposes that in the event that he seeks to sell any such asset, he will provide a copy of the executed Offer within five days of execution and a copy of the Purchase and Sale Agreement at least 30 days prior to the closing of the transaction, all subject to the provisions detailed above. See response to condition 7(b).

Though the original conditions were the product of an agreement with the government, the circumstances that existed at the time Mr. DiCicco agreed to them are substantially different than those existing today.

Mr. DeCicco respectfully requests the Court to adopt his request for modification of the conditions indicated in this report.

> Respectfully submitted,
> GARY P. DECICCO
> By his counsel of record,
>
> /s/ *James J. Cipoletta*
>
> _____
> James J. Cipoletta
> MA Bar No. 084260
> 385 Broadway - Suite 307
> Revere, Massachusetts 02151
> 781.289.7777
> jim@cipoletta.com

Certification

I certify that this document, filed through the ECF system, provides electronic copies to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

> /s/ James J. Cipoletta