UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>GARY P. DECICCO and   )<br>PAMELA M. AVEDISIAN,   )<br>Defendants   )<br>) | CRIMINAL NO. 18-CR-10013-RGS |

DEFENDANTS' MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE

Defendants Gary DeCicco and Pamela Avedisian herby moves this Court to modify their conditions of pretrial release to permit them to have contact with one another.

As grounds for this Motion, Defendants state:

1. Mr. DeCicco and Ms. Avedesian have a daughter together, Linda DeCicco. Linda DeCicco, aged 19, lives with her mother and works with her father. She is close to both of her parents. Both parents contribute to her financial support, as they are able.

2. Family issues arise from time to time, which each parent discuss with their daughter. It is unrealistic for Linda not to pass on innocuous everyday information from one parent to another. Nor is it feasible to have counsel present for every incidental contact. This has resulted in violation allegations in the past and is likely to do so in the future.

3. There have been no issues of abuse between the defendants so there is no safety reason for a no-contact order with respect to each other. Although the defendants are alleged to have engaged in criminal activity together, the nature of the criminal activity is

financial, rather than crimes of violence. To the extent there is concern of economic harm, the conditions of each defendant's bail address that, as both are prohibited from committing additional crimes while on bail, and Mr. DeCicco is prohibited from engaging in a variety of economic activities without permission of the Government or the Court.

4. Although no-contact orders with respect to victims and witnesses are common, no-contact orders between defendants are extremely uncommon. No such order was entered in the recent prosecutions of over sixty MS-13 members, nor in the recent RICO conspiracy case currently being tried before Judge Burroughs. The Government has made no showing to support such an unusual order here.

5. Concern about the order was initially raised by counsel for Ms. Avedesian. The Court entered the order without hearing arguments on the merits with the understanding that the parties could revisit it at a future time. Defendants are asking the Court to revisit it at this time.

|  | Respectfully submitted, |
|---|---|
| PAMELA AVEDESIAN | GARY DECICCO |
| By her attorneys, | By his attorneys, |
| /s/ Francis J. DiMento | /s/ Tracy A. Miner |
| Francis J. DiMento (BBO No. 125000) | Tracy A. Miner (BBO No. 547137) |
| DiMENTO & SULLIVAN | MINER ORKAND SIDDALL LLP |
| 1 Faneuil Hall Marketplace | 470 Atlantic Ave. |
| Boston, MA 02109-6142 | Boston, MA 02210 |
| 617-523-2345 (Ext. 101) | (617) 273-8421 |

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was served by ECF on counsel for the Government on March 15, 2019.

                                 */s/ Tracy A. Miner*
                                 Tracy A. Miner