UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                                )<br>                                                           )   CRIMINAL NO. 18-CR-10013-RGS<br>GARY P. DECICCO and              )<br>PAMELA M. AVEDISIAN,          )<br>           Defendants                   )<br>                                                           ) | |

### DEFENDANT GARY DECICCO'S
### MOTION TO REVISE GOVERNMENT'S POTENTIAL WITNESS LIST

Defendant Gary DeCicco hereby requests that the Court issue an order removing Attorney Rob Waters from the government's proposed list of witnesses Mr. DeCicco is prohibited from contacting as a condition of his pretrial release.  The government opposes the motion.

As grounds for this Motion, Mr. DeCicco states:

1.      Mr. DeCicco was indicted on January 11, 2018 with eight counts of fraud and five counts of money laundering.  After his acquittal in a previous matter, the Court released Mr. DeCicco on conditions.  One of those conditions prohibited Mr. DeCicco from directly or indirectly contacting potential victims or witnesses, on a list to be provided by the government.  See Docket No. 47 at 2.  The government provided the list of witnesses on or around June 15, 2018.

2.      On September 24, 2020, over two years after the Court set Mr. DeCicco's conditions of release, the government purported to expand those conditions sua sponte.  On that date, the government provided counsel for Mr. DeCicco with a new list of individuals who it

purports to be witnesses who Mr. DeCicco should be prohibited from contacting. The government did not seek the Court's permission to do so.

3. The government's new list includes individuals who are not witnesses with personal knowledge of the allegations in the First Superseding Indictment. Instead, those individuals are people the government does not want Mr. DeCicco to talk to or associate with generally. The government lacks the authority to expand Mr. DeCicco's conditions of bail on its own initiative by including non-witnesses on a witness list.

4. One such individual is Attorney Rob Waters, who currently represents Mr. DeCicco in potential civil litigation and other matters. Attorney Waters is not a potential witness in this case, but rather a lawyer who is interested in purchasing property in which Mr. DeCicco has an interest and who has provided Mr. DeCicco with legal advice. He has no information that will help the government prove the charges against Mr. DeCicco, as he never even met Mr. Decicco until long after all of the facts alleged in the Indictment occurred.

5. Count Fifteen of the First Superseding Indictment charges Mr. DeCicco and his co-defendant Pamela Avedisian with conspiracy to defraud the United States by providing false information to the IRS and concealing financial transactions from the IRS by putting assets in Ms. Avedisian's name. FSI ¶ 68. The indictment lists a number of assets the government believes Mr. DeCicco failed to disclose. See FSI ¶ 74(a)-(p). One of those assets was Mr. DeCicco's interest in Thayer Avenue Development Company, LLC, which held title to commercial real estate located at 29 Thayer Avenue in Revere, Massachusetts. FSI ¶ 74(m). In July 2012, Mr. DeCicco sold his interest in Thayer Avenue Development Company, with 50% going to Anthony DeLuca and 50% going to Ms. Avedisian. FSI ¶¶ 74(m), 79(c). The

government alleges that Mr. DeCicco was the true owner of Ms. Avedisian's interest.  FSI ¶ 74(m).

6. On February 19, 2019, after the grand jury returned the First Superseding Indictment, Ms. Avedisian sought the Court's permission to sell her interest in the 29 Thayer Avenue property.  See Docket Nos. 107, 124.  The government did not object on the condition that Mr. DeCicco not receive any of the proceeds of the sale.  The Court granted the motion.  See Docket Nos. 115, 133.  Ms. Avedisian subsequently sold her interest in the property to Attorney Waters.

7. The government falsely claims that Attorney Waters is somehow a potential witness because he purchased the Thayer Avenue property.  If he is, he is a defense witness as he purchased the property from Ms. Avedisian before he met Mr. DeCicco.  Of course, if the defense offers Mr. Waters as a witness, the government would object, saying the purchase after the Indictment under the auspices of the Court is irrelevant.

8. As Attorney Waters explains in the attached affidavit, which counsel has previously provided to the government, Attorney Waters did not meet Mr. DeCicco or have any contact with him until after he purchased Thayer Avenue from Ms. Avedisian.  See Ex. A at ¶ 3.  Attorney Waters never had any contact with Mr. DeCicco until approximately September of 2019, after the sale had closed.  Id.  Attorney Waters dealt exclusively with attorneys for Ms. Avedisian, Anthony DeLuca, and another prospective buyer, Robert Fautz, while negotiating the purchase of Thayer Avenue.  Id. at ¶ 2.

9. After the Thayer Avenue sale closed, Attorney Waters was introduced to Mr. DeCicco and spoke to him about purchasing additional properties.  Id. at ¶ 4.  Attorney Waters is interested in purchasing another property at 60 Salem Turnpike in Saugus, Massachusetts and

will need to have contact with Mr. DeCicco to negotiate the details and complete the transaction. Id. at ¶ 4.

10. Mr. DeCicco also has sought legal advice from Attorney Waters on real estate and partnership matters. Id. at ¶ 5. Attorney Waters has provided Mr. DeCicco legal advice for at least nine months. Id.

11. Attorney Waters has reviewed the First Superseding Indictment and confirms that he has no personal knowledge of any of the government's allegations. Id. at ¶ 6.

12. The Court has not imposed a condition requiring Mr. DeCicco to stay away from individuals who have no personal knowledge of the pending charges and thus could not be called as witnesses at trial. Under 18 U.S.C. § 3142(c)(1)(B), conditions of pretrial release must be the "least restrictive" conditions that the Court "determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." A no-contact condition does not give the government free reign to keep Mr. DeCicco from his attorneys or from possible purchasers of his property when that individual has no relevant information to offer a jury at trial. There is no risk of danger to the public if Mr. DeCicco is allowed to communicate with Attorney Waters. The government has been aware that Mr. DeCicco was communicating with Attorney Waters for months, without objection. See Ex. A at ¶¶ 7-8. And the government has not adequately explained why it now believes Mr. DeCicco must be prevented from communicating with his attorney.

13. A restriction preventing Mr. DeCicco from contacting Attorney Waters would violate Mr. DeCicco's First Amendment rights to free association and freedom of speech. "[O]ne of the foundations of our society is the right of individuals to combine with other persons in pursuit of a common goal by lawful means." Nat'l Assoc. for the Advancement of Colored

People v. Claiborne Hardware Co., 458 U.S. 886, 933 (1982). That right cannot be restricted without an individualized showing by the government that the proposed restriction is necessary. Cf. United States v. Arzberger, 592 F. Supp. 2d 590, 604 (S.D.N.Y. 2008) (finding mandatory bail condition without individual determination of need unconstitutional).

14. Attorney Waters is also a proposed buyer of one of Mr. DeCicco's properties, which sale would help Mr. DeCicco pay his income taxes, property taxes and legal fees in this case. The government's position intentionally hinders Mr. DeCicco's right to counsel and his ability to defend himself against the pending indictment.

For the foregoing reasons, Defendant Gary DeCicco hereby requests that the Court issue an order confirming that he is permitted to contact Attorney Rob Waters.

Respectfully submitted,

GARY DECICCO

By his attorney,

/s/ Tracy A. Miner
Tracy A. Miner (BBO No. 547137)
Megan A. Siddall (BBO No. 568979)
MINER ORKAND SIDDALL LLP
470 Atlantic Ave.
Boston, MA  02210
(617) 273-8421
tminer@mosllp.com
msiddall@mosllp.com

Dated:  October 19, 2020

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that defendant has in good faith attempted to resolve or narrow the issues presented by this motion, and the government has indicated that it opposes the relief requested.

*/s/ Megan A. Siddall*
Megan A. Siddall

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF on counsel for the government on October 19, 2020.

*/s/ Megan A. Siddall*
Megan A. Siddall